# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
ANGELA CHAVEZ,                    *
                                  *
                                  *    No. 12-452V
              Petitioner,         *    Special Master Christian J. Moran
                                  *
v.                                *    Filed: June 20, 2014
                                  *
SECRETARY OF HEALTH               *    Attorneys' fees and costs; stipulation
AND HUMAN SERVICES,               *    of fact; award in the amount to which
                                  *    respondent does not object
              Respondent.         *
* * * * * * * * * * * * * * * * * * * * *
```

Firooz Taghi Namei, McKinney & Namei Company, L.P.A. Cincinnati, OH, for Petitioner.
Justine E. Daigneault, United States Department of Justice, Washington, D.C., for Respondent.

### UNPUBLISHED DECISION ON FEES AND COSTS[1]

      Respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter on June 17, 2014. Previously, Ms. Chavez informally submitted an application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $16,250.00, an amount to which respondent does not object. In compliance with General Order #9, petitioner states that she incurred no costs in pursuing her petition. The Court awards this amount.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Chavez filed for compensation on July 20, 2012, alleging that she was injured by the influenza vaccine she received on September 25, 2009. Ms. Chavez filed her medical records on September 12, 2012, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A). Additional records were filed on November 1, 2012, February 22, 2013, and February 28, 2013. Respondent filed her Rule 4 report on April 22, 2013, recommending that Ms. Chavez's claim be denied. Resp't Rep't at 12.

On January 6, 2014, Ms. Chavez filed a motion for decision on the record after unsuccessfully retaining an expert. Pet'r Mot. at 1. Respondent maintained her position outlined in her Rule 4 report. Resp't Resp. at 1. Ms. Chavez's claim was dismissed for insufficient proof. Decision, filed Mar. 13, 2014. Judgment was entered on April 16, 2014.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioner gathered and filed medical records, attempted to obtain an expert report, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case. Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria.

Ms. Chavez seeks a total of **$16,250.00** in attorneys' fees and costs for her counsel. Additionally, in compliance with General Order No. 9, Ms. Chavez states that she incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards a check made payable to petitioner and petitioner's attorney in the amount of **$16,250.00** for attorneys' fees and other litigation costs. The Court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master